## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THOMAS WILSON,          )
               Petitioner,      )      Civil No. 07-1522 (ESH)
                     )
    v.                  )
                     )
UNITED STATES          )
PAROLE COMMISSION, et. al.  )
               Respondents.    )

### UNITED STATES PAROLE COMMISSION'S OPPOSITION TO
### PETITION FOR WRIT OF HABEAS CORPUS

COMES NOW, the U.S. Parole Commission, by and through the undersigned Assistant United States Attorney, and submits the following opposition to the above-captioned petition for writ of habeas corpus.

### STATEMENT OF THE FACTS

On June 12, 1992, petitioner was sentenced in D.C. Superior Court Criminal Case No. F-10345-90 to a four to twelve year prison term by the Honorable Ellen Segal Huvelle for possession with the intent to distribute cocaine, with a four year mandatory minimum term. See Exhibit 1. Petitioner was paroled from the prison term on December 23, 1996. See Exhibit 2. On May 20, 1998, the former District of Columbia Board of Parole issued a violator warrant for petitioner. See Exhibit 3. On July 13, 1998, petitioner was sentenced to another four to twelve year prison term by the Honorable Linda Davis in Case No. F-2987-97 for the offense of possession with intent to distribute heroin. See Exhibit 4.

On June 16, 2002, petitioner was paroled by the U.S. Parole Commission on his 1998 sentence and he was taken into custody on the parole violator warrant issued by the Board of Parole. See

Exhibits 5 and 6. [1] Petitioner was given a parole revocation hearing by an examiner of the U.S. Parole Commission on October 23, 2002 regarding the remainder of his 1992 sentence. See Exhibit 7. By a notice of action dated November 5, 2002, the Commission informed petitioner that it had made the following decisions: (1) revoke parole; (2) none of the time spent on parole shall be credited; and (3) parole effective January 19, 2003. See Exhibit 8.

Petitioner was reparoled on January 17, 2003 to supervision in the District of Columbia. See Exhibit 9. On February 17, 2005, the Parole Commission issued a violator warrant for petitioner, charging petitioner with the following release violations: (1) use of opiates, marijuana, and cocaine; (2) failure to submit to drug testing; and (3) carrying a pistol without a license, assault with a deadly weapon, and felon in possession of a firearm. See Exhibits 10 and 11. On June 9, 2005, petitioner was sentenced to incarceration for a term of seven months to be followed by three-years supervised release for escape in Case No. F 1286-05 in D.C. Superior Court. See Exhibit 16, sentence computation, p. 3.

Petitioner was arrested on the Commission's 2005 violator warrant on May 14, 2007. See Exhibit 11, warrant return. On June 21, 2007, the Commission added the violation offenses of escape, disorderly conduct, and sexual solicitation. See Exhibit 12. Petitioner was given a revocation hearing on June 28, 2007. See Exhibit 13. By a notice of action dated July 30, 2007, the Commission informed petitioner of the following decisions: (1) that the Commission had revoked his parole; (2) that none of the time spent on parole would be credited towards his sentence; and (3) that he would have a presumptive reparole on November 6, 2008, after the service

---

[1] The U.S. Parole Commission assumed the responsibility of making parole release determinations for all eligible D.C. Code offenders on August 5, 1998. See D.C. Code § 24-131.

2

of 25 months.  <u>See</u> Exhibit 14.  On September 21, 2007, the Commission corrected sentence information on the warrant application and warrant issued February 17, 2005. <u>See</u> Exhibit 15. Petitioner's present sentence expiration date calculated by the Bureau of Prisons is April 13, 2015. <u>See</u> Exhibit 16, p. 2.

<u>**ARGUMENT**</u>

### I.  THE COMMISSION CORRECTLY FORFEITED ALL OF THE TIME PETITIONER  SPENT ON PAROLE WHEN IT REVOKED PETITIONER'S PAROLE.

Petitioner claims that  the Unites States Parole Commission has enhanced his sentence by "taking the time [he] spent out on parole." (Petitioner's Petition at 5).  Petitioner's argument has no merit.

### A.      Street time forfeiture is automatic under D.C. Code § 24-406.

The law is clear that, upon revocation of parole, none of the time that a prisoner has previously spent on parole in the past can be credited to the service of his sentence, and that street time is properly forfeited.  <u>See</u> D.C. Code § 24-406(a); <u>United States Parole Comm'n v. Noble</u>, 693 A.2d 1084, 1085 (D.C.1997), <u>op</u>. <u>adopted</u>, 711 A.2d 85 (D.C.1998) (<u>en</u> <u>banc</u>)(D.C. Code § 24-406 requires automatic forfeiture of street time after revocation of parole); <u>see</u> <u>also</u> <u>Jones v. Bureau of Prisons</u>, 2002 WL 31189792 (D.C. Cir. 2002)(appellant cannot receive credit for "street time" after his parole is revoked); <u>Mills v. U.S. Parole Comm'n.</u>, 2006 WL 270262, *3 (D.D.C. February 2, 2006) (same); <u>Redrick v. Williamson</u>, 2005 WL 1155041, *3 (M.D. Pa. May 4, 2005) (D.C. offenders cannot receive credit for "street time" after parole is revoked);  <u>McRae v. D.C. Parole Board</u>, 2002 WL 32388337, *2 (E.D.Va May 13, 2002) (same) .  Thus, the Commission correctly forfeited all of the time the petitioner spent on parole supervision when it revoked his parole.

3

**B.  REVOCATION OF "STREET TIME" DOES NOT VIOLATE THE EX POST FACTO CLAUSE.**

The D.C. parole statute, D.C. Code § 24-406(a) (formerly was codified at § 24-206(a)), states in relevant part:

> If the order of parole shall be revoked, the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody. . . . The time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced.

D.C. Code § 24-406(a) (emphasis added).

In United States Parole Comm'n v. Noble, 693 A.2d 1084, 1086-87 (D.C. 1997), adopted en banc, 711 A.2d 85 (D.C. 1998), the D.C. Court of Appeals held that, under D.C. Code § 24-206(a), (now codified at 24-406(a)), a parolee must forfeit all the time spent he has spent on parole if parole is revoked, i.e., he must forfeit his "street time." Noble was followed by the case of Davis v. Moore, 772 A.2d 204 (D.C. 2001) (en banc). In Davis, the D.C. Court of Appeals held that the retroactive application of Noble to prisoners whose "street time" had been served before Noble was decided did not violate the ex post facto or due process clauses. Davis, 772 A.2d at 208-09; see also Thompson v. D.C. Dept. of Corrections, 2007 WL 2774718 (D.D.C. September 24, 2007)("It is established that District of Columbia prisoners do not have a constitutionally protected liberty interest in being released to parole and therefore have no protections under the due process clause with respect to parole determinations or procedures."); Johnson v. Kindt, 158 F. 3d 1060 (10th Cir. 1998) (rejecting a separate due process challenge to the retroactive application of Noble), cert. denied, 525 U.S. 1075 (1999); see also Sanders v. United States Parole Comm'n, 2006 WL 473786 *4-5 (D.D.C. February 28, 2006)("The decision of the D.C. Court of Appeals in Noble was not so

4

unforeseeable as to amount to a due process violation."). There is, accordingly, no support for petitioner's contentions that he is entitled to credit for his "street time" or that the forfeiture of his "street time" following the revocation of his parole violated his ex post facto or due process rights. Accordingly, the Commission has correctly forfeited all of the time petitioner had spent on parole supervision when it revoked petitioner's parole and petitioner's petition should be summarily denied.

## CONCLUSION

For the foregoing reasons, petitioner's  petition for writ of habeas corpus should be summarily denied.

Respectfully Submitted,

  /s/ Jeffrey Taylor
JEFFREY A. TAYLOR, Bar No. 498610
United States Attorney

  /s/Robert Okun
ROBERT D. OKUN, Bar No. 457078
Assistant United States Attorney
Chief, Special Proceedings Division

  /s/ Carolyn Kolben
CAROLYN K. KOLBEN, Bar No. 391156
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that I caused the foregoing document and attachments to be filed via the Electronic Case Filing System and that a copy was mailed this 27th day of September, 2007 to  Thomas Wilson, Fed. Reg. No. 11309-007, CI- Rivers, P.O. Box 630,Winton, North Carolina 27986.

  /s/ Carolyn Kolben
Carolyn K. Kolben, Bar No. 391156
Assistant United States Attorney
Special Proceedings Division - Room 10-441
555 4th Street N.W.
Washington, D.C. 20530
202-616-0852

6

# UNITED STATES DEPARTMENT OF JUSTICE

# UNITED STATES PAROLE COMMISSION

I certify that I am a custodian of records of the United States Parole Commission, which is a repository of records concerning parole release and supervision for federal and District of Columbia offenders.  The Parole Commission's address is 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

I further certify that, on the date noted below, I had custody of the Parole Commission's file for Thomas Wilson, Register Number 11309-007, as part of my official duties with the Commission.

The documents included with this certificate are true copies of documents found in that file.

*In witness whereof, I have signed, and caused the seal of the United States Parole Commission to be affixed on the date noted below.*

*Rockne Chickinell*

Rockne Chickinell
General Counsel
U.S. Parole Commission

Dated:    9-25-07

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
~~District of Columbia~~                      *In Jail*          Case No. _F 10345-90E_

                                                                 PDID No. _351-519_

_Thomas Wilson_          vs.

*CORRECTED* JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of  ☐ Not Guilty  ☑ Guilty to the Charge(s) of _____
_E- Possession with Intent to Distribute Cocaine_
_____
and having been found guilty by  ☐ Jury  ☑ Court, it is hereby ORDERED that the defendant has been
convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _Not less than_
_four (4) years nor more than twelve (12)_
_years confinement. Nunc pro tunc 5-29-92._
_____
_____

☑ MANDATORY MINIMUM term of _four (4) years_ ___ applies to the sentence imposed.

☐ MANDATORY MINIMUM term does not apply.

☑ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for
the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and super-
vision by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code
[Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division,
and it is further ORDERED that while on probation the defendant observe the following marked conditions
of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with
written notice from your Probation Officer.

☐ Treatment for  ☐ alcohol problems  ☐ drug dependency or abuse as follows:
_____

☐ Restitution of $_____ in monthly installments of $_____ beginning
_____ (see reverse side for payment instructions). The Court
will distribute monies to _____

☐ _____

Costs in the aggregate amount of $_20.00_ have been assessed under the Victims of Violent Crime
Compensation Act of 1981, and  ☐ have  ☑ have not been paid: _Payable from other funds_

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the
copy shall serve as the commitment/order for the defendant.

_6-12-92_
Date                                          _Eric Hurdle_
                                              Judge

Certification by Clerk pursuant to Criminal Rule 32(d).         **Exhibit** _1_

_6-12-92_
Date                                          Deputy Clerk

Form CDI18)-1040/Aug. 87




PB-16
(Revised 10/81)

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
### CERTIFICATE OF PAROLE

ADULT          AP Certificate # 18513-96

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

_____ Wilson, Thomas _____ D.C.D.C. __228-634__ is eligible to be

PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will

remain at liberty without violating the law and that the release of the individual to supervision

is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-

named be PAROLED on ....December 23,........., 19 96...., and that said person remain under

supervision within the limits of the ...Washington Metro Area....... (including the District of

Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax

Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia)

until _____ August 5, 2004 _____, 19......; unless or until other action is taken by the District

of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide

by and comply with all of the conditions of parole as shown on the reverse side of this

CERTIFICATE.

Given under the hands and seal of the BOARD this _____ 30th _____ day

of _____ September _____, 19 96.

The above-named was released on
the ........... day of ..............., 19.......

..................................................
Administrator

Εxhibit ___2___

8-3409

   

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**PAROLE SUPERVISION SERVICES DIVISION**
**DISTRICT OF COLUMBIA BOARD OF PAROLE**
**300 INDIANA AVENUE N.W., 2ND FLOOR**
**WASHINGTON, DC 20001**

# RELEASE VERIFICATION REPORT

AKA Wilson, Thomas
INMATE'S NAME: Matin, Abdul _____    GRANT DATE: __09-30-96__

DCDC:228-634  PDID:351-519  DOB: _____    INSTITUTION: EFEC _____

OFFENSE(S):PWID Cociane _____    SENTENCE(S):4-12 yrs _____

_____    _____

Sentenced 05-29-92

HOME: Johdalina _____    friend _____    ▆▆▆▆▆▆
Will reside with (Name)    Relationship    Telephone No.

ADDRESS: ▆▆▆▆▆▆▆▆▆ _____

VERIFIED DATE:11-07-96 _____ METHOD:tc _____ CONTACTED:Same _____

EMPLOYER:NTW _____    POSITION:tire tech _____

ADDRESS: 12241 Nebel St., Rockville MdTELEPHONE:301-881-6134 _____

SUPERVISOR:Anthony Norman _____ WAGE:7.13 _____ HOURS:_____

DATE VERIFIED:11-07-96 _____ METHOD: tc _____ CONTACTED:David Johnson

## SPECIAL CONDITION(S): Narcotic Surveillance _____
_____
_____

## SPECIAL INSTRUCTIONS/ADDITIONAL COMMENTS:_____
_____

PAROLE OFFICER: Crystal Coleman _____ DATE: 12-09-96

SUPERVISORY PAROLE OFFICER: WILLETTE S. COPELAND _____ DATE:12-09-96

Approved by D.C. Parole Board for RELEASE on __12-23-96__
from_____ EFEC _____ with special
condition of _____ NS _____

Parole Analyst _Mary Joll Williams_ Full term date 8-5-2004
(no open cases per WALES)

## DIS████ OF COLUMBIA BOAR██ █ █AROLE



FIVE DAY HOLD                **WARRANT**                **NUMBER:** *P-33532-98*

**TO:** *Any Officer of the D.C. Department of Corrections. Any Police Officer or Federal Officer Authorized to Serve Criminal Process*

**RE: NAME :** *WILSON, THOMAS*
    **ALIAS:** *BUCK*
         *MATIN, ABDUL*

| | |
|---|---|
| **SSN#** | ████████ |
| **DCDC#** | *228-634* |
| **PDID#** | *351519* |
| **FBI#** | ████ |
| **DOB:** | ████ |
| **SEX:** | *MALE* |
| **RACE:** | *BLACK* |
| **EYES:** | *BROWN* |
| **HAIR:** | *BLACK* |
| **HEIGHT:** | *5 ft 10 in* |
| **WEIGHT:** | *211 lbs* |
| **COMPLEXION:** | *MEDIUM* |

**DISTINGUISHING MARKS:**

**SENTENCE TYPE:** *ADULT*

**PAROLE OFFICER:** *WILLIAM WILSON*

**LAST KNOWN ADDRESS:** *1507 NEWTON ST #510, NW*
                           *WASHINGTON, DC 20010*

    **SUBJECT'S LOCATION:** *At large_____   Confined in* ~~D.C. Jail~~ *Youngstown, Ohio*

*Whereas the above-named person is under sentence in the District of Columbia for the crime(s) of  PWID Cocaine/ Dist of Cocaine*
*and was on the 23rd of December, 1996 released on parole from the Central Detention Facil.*
*And whereas reliable allegations have been filed with the D.C. Board of Parole that said paroled prisoner has violated the conditions of parole and is therefore deemed to be a fugitive from justice,*

*YOU ARE HEREBY COMMANDED TO TAKE SAID PAROLEE, WHEREVER FOUND IN THE UNITED STATES AND*

*RETURN SAID PAROLEE TO THE CUSTODY OF THE DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS,*

*EXCEPT  IF SAID PAROLEE IS ALREADY IN THE CUSTODY OF FEDERAL,  STATE OR DISTRICT OF*

*COLUMBIA AUTHORITIES, DO NOT EXECUTE THIS WARRANT.   PLACE A DETAINER AND NOTIFY*

*THE D.C. BOARD OF PAROLE.  ALSO, IF ANOTHER CRIMINAL WARRANT HAS BEEN ISSUED FOR THIS*

*PAROLEE, EXECUTION OF SUCH CRIMINAL WARRANT SHALL TAKE PRECEDENCE.  IMMEDIATELY*

*NOTIFY THE D.C. BOARD OF PAROLE WHEN ITS WARRANT IS EXECUTED.*

*WITNESS my hand and the seal of this Board this  20th          day of  May, 1998*



_____
*Member, D.C. Board of Parole*

* *FYCA case ONLY: This warrant expires at 12:01 a.m. on _____, 19_____ and the person named MUST NOT be held beyond that time.*

Warrant Certified as Valid
*Poggy Kirk  10-25-00*
Initials/Date

**Exhibit** ___3___

41-H-07

06/12/82 23:50:27        PAROLE->         htFAX        Page 882

U.S. Department of Justice
United States Parole Commission

CERTIFICATE OF PAROLE TO DETAINING AUTHORITIES ONLY
District of Columbia Offender
(Detainer from D.C. Board of Parole)

Know All Men By These Presents:

It having been made to appear to the United States Parole Commission that Wilson, Thomas, REG No. 11309-007, (DCDC No. 228-634), is eligible to be paroled, but has an unexecuted parole violation warrant pending from an earlier sentence, it is ORDERED by the said United States Parole Commission that the prisoner be paroled on June 16, 2002 to said warrant so that it shall be executed. This period of parole shall expire on May 18, 2010. Active supervision under this parole certificate shall commence when the prisoner is released from the custody of the executed warrant.

Given under the hands and the seal of the United States Parole Commission on June 11, 2002.

UNITED STATES PAROLE COMMISSION

*Juanita E. Holmes*

By: Juanita E. Holmes, Parole Info. Specialist

Docket/Case Number: F-2987-97B
Initial Risk Category: SFS-5
Acknowledgement of Release Conditions:
I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof. I fully understand them and know that if I violate any, I may be recommitted.

Consent to the Disclosure of Drug/Alcohol Treatment Information:
By signing this Parole Certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcoholic treatment program in which I am, or will be participating, and the Parole Supervision Services Division of the District of Columbia Board of Parole. I further consent to the disclosure by such facility, to the Parole Supervision Services Division of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties. This consent shall be irrevocable until the termination of parole supervision.

Wilson, Thomas _____  11309-007  228634 (DCDC)
                     Name                                DCDC No.

Witnessed: _____
           H. J. Taylor, III, Case Manager          6-16-2002
           Name and Title                            Date

The above-named person was released on the 16 day of June , 2002 with a total of 2895 days remaining to be served. Dan L. Dove, Warden _____
                                              Offical Certifying Release

Exhibit ____5____

06/19/02  11:28 FAX



# FAX

## FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 723
EDGEFIELD, SC 29824
(803)637-1500

**DATE:** _6-19-02_

301-492-5525

**TO:** _____

**FROM:** _Warren_ (signature)

## MESSAGE

_Attached is Thomas Wilsons_
_executed warrant._

PAGES INCLUDING COVER SHEET: _2_

ISM OFFICE: (803) 637-1400        FAX: (803) 637-1408

**Exhibit** _6_

06/19/02  11:28 FAX                                                                    002



# DISTRICT OF COLUMBIA BOARD OF PAROLE

FIVE DAY HOLD          **WARRANT**          NUMBER: P-33532-98

TO: *Any Officer of the D.C. Department of Corrections. Any Police Officer or Federal Officer Authorized to Serve Criminal Process*

RE: NAME : *WILSON, THOMAS*          SSN#
    ALIAS: *BUCK*                     DCDC# *228-634*
          *MATIN, ABDUL*             PDID#
                                     FBI#
                                     DOB:
                                     SEX: *MALE*
                                     RACE: *BLACK*
    DISTINGUISHING MARKS:            EYES: *BROWN*
                                     HAIR: *BLACK*
    SENTENCE TYPE: *ADULT*           HEIGHT: *5 ft 10 in*
                                     WEIGHT: *211 lbs*
    PAROLE OFFICER: *WILLIAM WILSON*  COMPLEXION: *MEDIUM*

    LAST KNOWN ADDRESS: *1507 NEWTON ST #510, NW*
                        *WASHINGTON, DC 20010*

    SUBJECT'S LOCATION: At large_____    Confined in___D.C. Jail_____

*Whereas the above-named person is under sentence in the District of Columbia for the crime(s) of  PWID Cocaine/ Dist of Cocaine*
*and was on the 23rd of December, 1996 released on parole from the Central Detention Facili*
*And whereas reliable allegations have been filed with the D.C. Board of Parole that said paroled prisoner has violated the conditions of parole and is therefore deemed to be a fugitive from justice,*

*YOU ARE HEREBY COMMANDED TO TAKE SAID PAROLEE, WHEREVER FOUND IN THE UNITED STATES AND*

*RETURN SAID PAROLEE TO THE CUSTODY OF THE DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS.*

*EXCEPT  IF SAID PAROLEE IS ALREADY IN THE CUSTODY OF FEDERAL,  STATE OR DISTRICT OF*

*COLUMBIA AUTHORITIES, DO NOT EXECUTE THIS WARRANT.  PLACE A DETAINER AND NOTIFY*

*THE D.C. BOARD OF PAROLE.  ALSO, IF ANOTHER CRIMINAL WARRANT HAS BEEN ISSUED FOR THIS*

*PAROLEE, EXECUTION OF SUCH CRIMINAL WARRANT SHALL TAKE PRECEDENCE.  IMMEDIATELY*

*NOTIFY THE D.C. BOARD OF PAROLE WHEN ITS WARRANT IS EXECUTED.*

*WITNESS my hand and the seal of this Board this  20th          day of  May, 1998*

A TRUE COPY
TEST
*Michael Green*                          *Michael Green*
Director, Michael Green                  *Member, D.C. Board of Parole*
Parole Determination
D.C. Board of Parole

* *FYCA case ONLY: This warrant expires at 12:01 a.m. on _____, 19_____*
*and the person named MUST NOT be held beyond that time.*

06/19/02  11:29 FAX                                                    ☑003

   

*WARRANT for return of Paroled Prisoner*_____WILSON, THOMAS_____

DCDC No._228-634___  to the Central Detention Facility, Washington, D.C.

================================================================

EXECUTING OFFICIAL'S RETURN TO THE DISTRICT OF COLUMBIA BORAD OF PAROLE

FCI Edgefield_____, District of _____,

Received this writ the __7th__ day of __June_____, 19 _2002_, and executed same

by arresting Paroled Prisoner ____Wilson, Thomas___ #11309-007_____ at

FCI Edgefield_____ this _16th_ day of _June_____,

~~19~~ 2002, at _8:00 am_ a.m./p.m., and committing him/her to__FCI Edgefield, SC _._____

_____

~~Thomas Wilson~~
Wilson, Thomas
#11309-007                            _____
                                      Executing Officer

I have received a copy
of the executed warrant.

Further executed same by commitment of the above-named Paroled Prisoner to

_____ at _____.

on this _____ day of _____, 19_____, at_____ a.m./pm.,

the institution designated by the Attorney General, with this copy of the Warrant and the Statement

of Alleged Violations attached hereto.

_____

Executing Officer

================================================================

NOTE: One signed copy of this executed warrant is to be returned to the District of Columbia Board of
    Parole. If an expired warrant for a prisoner sentenced under the Federal Youth Corrections Act
    (FYCA) is discovered in your files, it should be returned forthwith to the District of Columbia
    Board of Parole.

RETURN TO JAIL

DATE 7-13-98

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
~~District of Columbia~~

F CDF-70

Case No. F-2987-97 B

PDID No. 351-519

vs.

*Thomas Wilson*

## JUDGMENT AND COMMITMENT/~~PROBATION~~ ORDER

The above-named defendant having entered a plea of ☒ Not Guilty ☐ Guilty to the Charge(s) of "B"
*Unlawful Possession with Intent to Distribute Heroin*

and having been found guilty by ☒ Jury ☐ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to *Count "B"*
*From (4) Four to (12) Twelve years.*

* *Deft. to receive Drug Treatment at CTF*
* *Deft. to be screened for any mental Health*
*Treatment that may be appropriate.*

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☒ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

    ☐ Observe the general conditions of probation listed on the back of this order.

    ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

    ☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

    ☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

    ☐ _____

Costs in the aggregate amount of $ 100.00 have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid. *To be taken from pay*

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

*July 13, 1998*
/Date

_____
/Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

7-13-98
Date

**Exhibit** 4

_____
Deputy Clerk

# REVOCATION HEARING SUMMARY

**Name** . . . . . . . . . : WILSON, Thomas

**Reg** . . . . . . . . . . . : 11309-007

**Examiner** . . . . . . . : Jacqueline R. Wynn

**Warrant Executed** : 6/12/2002

**Preliminary Interview:** None

**Institution** . . . . . . : Edgefield FCI

**2nd Designation** . :

**Revoking District** : Washington, DC

**Hearing Type** . . . . : Institutional

**Supervision** . . . . . :

**Months in Custody** :

**Custody Type** . . . :

**Projected MR Date** :

**Full Term Date** . . :

**Hearing Date** . . . . : 10/23/2002

---

## I. Counsel And Witnesses:

Subject was not represented by counsel.

**Witnesses Name & Any Explanatory Text Concerning Counsel and/or Witnesses:**

None.

## II. Procedural Considerations:

None.

## III. Review of Charges:

Charge No. 1: Possession With Intent to Distribute Heroin.

On 4/7/97, the subject illegally possessed a narcotic drug (Heroin) as evidenced by his arrest and new charge for Possession of Heron in Case #F2987-98. On the date mentioned above the subject was stopped during a traffic violation. The police officer detected the smell of Marijuana coming from the car. A search of the car was conducted. The search revealed 30 zip lock bags of Heroin from the center console and a checkbook belonging to the subject under his Moslem name of Abdule Martin. He was the driver of the car.

The subject indicated that the car belonged to his fiance and that he was the driver and that the drugs found in the car did in fact belong to him.

**Exhibit** _____7_____

Evidentiary Findings:

This examiner makes a ~~preponderance~~ finding based on the ~~evidence presented at the hearing that~~ (RS) ~~is the~~ new conviction of 4-12 years.  The subject's admission and the police report of 4/7/97. .

## IV. Findings of Fact And Basis:

The Examiner finds that subject has committed the following violation(s): Charge No. 1:  Law Violation:  Possession With Intent to Distribute Heroin.
Basis:  Your admission to the hearing examiner and your conviction of 4-12 years.

Charge No. 2:  Possession of Heroin.
Basis:  Your admission to the hearing examiner and new conviction in Case #F2987-97.

## No Findings And Supporting Rational:

None.

## V. Previous Commission Action:

See the Pre-Hearing Assessment dated 7/2/2002.

## VI. Community Resources And Issues:

Upon release the subject plans to reside with his wife (Tondalia Richardson) at 1507 Newton St, NW, Apt #510.

## VII. Salient Factor Score:

1 - A. Prior Convictions/Adjudications (Adult or Juvenile)
1 - B. Prior Commitment(s) of More than 30 Days (Adult/ Juvenile)
3 - C. Age at Current Offense/Prior Commitments
(5 or more commitments)
0 - D. Recent Commitment Free Period (Three Years)
0 - E. Probation/Parole/Confinement/Escape Status Violator
0 - F. Older Offenders
5 - **Total Salient Factor Score**

## VIII. Evaluation:

The subject has a guideline range of 26-34 months.  As of today's hearing he has been in continuous custody 5⅟ months.  The subject was paroled from the intervening sentence to the parole violation warrant in 6/2002.  At the time of his parole he was above the guidelines by virtue of the minimum portion of the 4-12 year sentence.  Clearly, the subject's involvement in criminal activities directly related to his drug addiction.  He could benefit from an intensive drug treatment program, that is not available currently at the Edgefield facility.  During the time that he has been in custody he has not been afforded an opportunity to participate in an intensive drug treatment program.  However, he has taken full advantage of all other programs available to him.

WILSON.113    Typist: GTT    Date Typed: October 29, 2002        Page 2 of 3

It is this examiner's opinion to continue the subject in custody would not result in treatment in an intensive program. The subject is a non-violent offender who's criminal record is directly related to the distribution and sale of drugs. Releasing him to the community to participate in an intensive substance abuse program would not represent a threat to the safety of the community, but would be in the best interest of both the subject and the community.

Because C. Sosa now offers an intensive drug treatment program with sanctions in place and available community resources this examiner is of the opinion that the subject would reap greater benefit from parole to the program.

It is this examiner's recommendation that the subject be granted parole 6 months from today's hearing with the special drug aftercare condition and participation in the Hida Program.  .

## IX. Recommendation:

Revoke . None of the time spent on  shall be credited. Parole effective after the service of 57 months on 4/16/2003. You shall be subject to the Special Drug Aftercare Condition.  You shall participate as instructed by your U.S. Probation Officer in a program (inpatient or outpatient) approved by the U.S. Parole Commission for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment. The subject should be required to participate in the Hida Program after he has been evaluated for placement.

## X. Reasons:

Your  violation behavior has been rated as Category Four severity because it involved both criminal and administrative violations, specifically: possession with the intent to distribute 30 zip lock bags of Heroin (Purity unknown). Your new salient factor score is 5. As of your hearing date of 10/23/2002, you have been in custody for  months. Guidelines established by the Commission indicate a customary range of 26-34 months to be served before release.  After review of all relevant factors and information presented, a decision above the guidelines appears warranted because you have a minimum sentence that exceeded the guideline range. Also, additional time is required for release planning.

Subsequent statutory interim not required.

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | |
|---|---|
| Name: WILSON, Thomas | Institution: Edgefield FCI |
| Register Number: 11309-007 | DCDC No.: 228-634 |

In the case of the above named the following parole action was ordered:

Revoke parole. None of the time spent on parole shall be credited. Parole effective after the service of 56 months (01-19-2003). You shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment. **Also,** you are required to participate in the Hida Program after you have been evaluated for placement.

FINDINGS OF FACT:

The Commission finds as a fact that you violated the condition of release as indicated below:

Charge No. 1: Law Violation: Possession With Intent to Distribute Heroin.

Basis: Your admission to the hearing examiner and your conviction of 4-12 years.

Charge No. 2: Possession of Heroin.

Basis: Your admission to the hearing examiner and new conviction in Case #F2987-97.

REASONS:

Your violation behavior has been rated as Category Four severity because it involved both criminal and administrative violations, specifically: Possession with the intent to distribute 30 zip lock bags of Heroin (Purity unknown). Your new salient factor score is 5. As of your hearing date of 10-23-2002, you have been in custody for 53 months. Guidelines established by the Commission indicate a customary range of 26-34 months to be served before release. After review of all relevant factors and information presented, a decision above the guidelines appears warranted because you have a minimum sentence that exceeded the guideline range. Also, additional time is required for release planning.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your Supervision Officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

---

Date: November 5, 2002                                           Clerk: ADC

BOP-Edgefield FCI                     Page 1 of 3 **Exhibit** _____ 8          WILSON.113

See the attached sheet for an explanation of the Salient Factor Score and your item individual points.

cc:

U.S. Marshal
District of Columbia - District Court
333 Constitution Avenue, N.W.
Room 7337
Washington, D.C. 20001
Attn: Warrant Squad

CSS Management Group
Attn: Sharon Barnes-Durbin, SCSA
300 Indiana Avenue, NW
Second Floor, Suite 2149
Washington, DC 20001

Karen Brown, SDUSM
U.S. Marshal Service
U.S. Courthouse 1106A
Third & Constitution Avenue, N.W.
Washington, DC 20001



Date: November 5, 2002                                          Clerk: ADC

**BOP-Edgefield  FCI**                    Page 2 of 3                    WILSON.113

| Your Pts | SFS-98 Item Explanations |
|---|---|
| 1 | A - Prior convictions/adjudications   (adult or juvenile)  None = 3; One = 2;Two or three = 1; Four or more = 0 |
| 1 | B - Prior commitments of more than 30 days (adult or juvenile)  None = 2;One or two = 1; Three or more = 0 |
| 3 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | D - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | E - Probation/parole/confinement/escape   status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time =1; Otherwise = 0 |
| 0 | F - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) =1; Otherwise = 0 |
| 5 | Total Salient Factor Score (SFS-98) (sum of points for A - F above) |

| Points For SFS-98 Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

Date: November  5, 2002

**BOP-Edgefield   FCI**                Page  3 of 3

Clerk:  ADC

WILSON.113

01/14/03  13:11 FAX 301 492 6694        US PAROLE COMMISSION                    ☑002/004



### U.S. Department of Justice
### United States Parole Commission

## CERTIFICATE OF PAROLE
### District of Columbia Offender

Know All Men By These Presents:

It having been made to appear to the United States Parole Commission that **WILSON, Thomas,** REG No. **11309-007**, (DCDC No. **228-634**), is eligible to be paroled, and that there is a reasonable probability that the prisoner will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society, it is ORDERED by the said United States Parole Commission that said prisoner be paroled on **January 19, 2003**, and that said prisoner is to reside within the District of Columbia and to remain within the limits of **the Washington, D.C. Metropolitan Area** (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax, and Falls Church, Virginia) until and including **January 25, 2010**.

Given under the hands and the seal of the United States Parole Commission on **January 14, 2003**.

UNITED STATES PAROLE COMMISSION

By:  **Joann L. Kelley, Case Analyst**

Docket/Case Number:  **F10345-90**
Initial Risk Category: SFS - 5
**Acknowledgement of Release Conditions:**
I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof. I fully understand them and know that if I violate any, I may be recommitted.

**Consent to the Disclosure of Drug/Alcohol Treatment Information:**
By signing this Parole Certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcoholic treatment program in which I am, or will be participating, and the Parole Supervision Services Division of the District of Columbia Board of Parole. I further consent to the disclosure by such facility to the Parole Supervision Services Division of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties. This consent shall be irrevocable until the termination of parole supervision.

WILSON, Thomas  ✗ _Thomas Wilson 11309-007 228-634_
_____                              _____
         Name                                                    DCDC No.

Witnessed:  Henry Taylor, Case Manager                    1-15-03
           _____         _____
                Name and Title                              Date

The above-named person was released on the __17th__ day of __January__, 20__03__ with a total of __2561__ days remaining to be served.

Joseph V. Smith, Warden
_____
Official Certifying Release

## Exhibit ___9___

**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

Name ............................ **Wilson, Thomas**

Reg. No ......................... **11309-007**
DCDC No. ...................... **228-634**
FBI No. ...........................
Birth Date .....................
Race .............................. **Black**

Date .......................................... **February 17, 2005**
Termination of Supervision ..... **1/25/2010**
[If Conviction Offense Before April 11, 1987 And
Offender Is On Mandatory Release, Termination
Date Is 180 Days Prior To Full Term]
Violation Date.......................... **6/17/2004**
Released................................. **January 17, 2003**

Sentence Length ........... **12 years (original); 2781 days (parole violator term)**
Original Offense............. **Possession with Intent to Distribute Cocaine**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

## CHARGES:

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs**. The releasee submitted urine specimens which tested positive for:

Opiates: 6/17/2004
Marijuana: 11/23/2004, 1/13/2005, 1/27/2005
Cocaine & Marijuana: 12/9/2004

This charge is based on the information contained in the violation report dated 2/15/2005 from supervising officer Gloria Hendricks-Johnson and corresponding laboratory report.
**I ADMIT [ ] or DENY [ ] this charge.**

**Wilson, Thomas**
**Reg. No. 11309-007    DCDC No. 228-634**

Exhibit _____ 10 _____



**Charge No. 2 - Failure to Submit to Drug Testing**. On the following dates, the subject failed to submit a urine specimen as instructed and as required by the conditions of his release: 7/1/2004, 7/8/2004, 7/15/2004, 10/14/2004. This charge is based on the information contained in the violation report dated 2/15/2005 from Community Supervision Officer Gloria Hendricks-Johnson.
**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 3 - Law Violation – a) Carrying a Pistol Without a License; b) Assault with a Deadly Weapon (Gun); c) Felon in Possession of a Firearm.** On 2/12/2005, the releasee exited a red SUV and chased the victim yelling, "don't run from me bitch" while brandishing a handgun. The victim was able to escape.

On 2/13/2005 the victim observed the releasee operating the same red SUV and notified police. Police stopped the vehicle and recovered a loaded silver revolver from the glove compartment.

The releasee was arrested by the Washington Metropolitan Police for the above-cited offenses (a&b) on 2/13/2005. This charge is based on the information contained in the violation report dated 2/15/2005 from supervising officer Gloria Hendricks-Johnson and a police report dated 2/13/2005. Status of Custody/Criminal Proceedings: In custody; charges pending.
**I ADMIT [   ] or DENY [   ] this charge.**

**Probable Cause Hearing Is Required**

Warrant Recommended By:

Warrant Issued................... **February 17, 2005**

**Deirdre Jackson, Deputy Case Services Administrator
U.S. Parole Commission**

Community Supervision Office Requesting Warrant:  **General Supervision Unit VI-Team 1, 1230 Taylor Street**

**Wilson,  Thomas
Reg. No. 11309-007    DCDC No. 228-634**

# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Wilson, Thomas, Reg. No. 11309-007, DCDC No. 228-634, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 12 years (original); 2781 days (parole violator term) for the crime of Possession with Intent to Distribute Cocaine and was on January 17, 2003 released on parole from Edgefield FCI with 2565 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on February 17, 2005

_____
U.S. Parole Commissioner

Wilson, Thomas
Reg. No. 11309-007   DCDC No. 228-634 **Exhibit** _// _

**WARRANT For Return Of Prisoner Released To Supervision**

| | |
|---|---|
| Name:  Wilson, Thomas | Institution:  Edgefield FCI |
| Reg. No. 11309-007 | DCDC No.  228-634 |

**UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION**

NOTE:  Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

District of ___DC___ ss:

Received this writ the __25__ day of __February__, 20_05_, and executed same by arresting the within-named ___Thomas Wilson___ this __14__ day of __May__, 20_07_, at __0900__ and committing him to ___DC Jail___

___G Walsh___
U.S. Marshal

_____
Deputy Marshal

Further executed same by committing him to _____

at _____ on _____, 20_____, the institution designated by the Attorney General, with the copy of the warrant and warrant application.

_____
U.S. Marshal

_____
Deputy Marshal

NOTE:  The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

**ACKNOWLEDGEMENT OF SERVICE:**

I have received a copy of the warrant application dated _____ 2/17/05

___Thomas Wilson___          5/14/07
Prisoner's Signature          Date

*(If prisoner refuses to sign, Marshal should so indicate.)*

Wilson,  Thomas
Reg. No. 11309-007    DCDC No. 228-63/

| U.S. DEPARTMENT OF JUSTICE | **SUPPLEMENT** |
|---|---|
| UNITED STATES PAROLE COMMISSION | **D.C. Code Offender** |

Name ............................**Wilson, Thomas**
Reg. No ........................**11309-007**
DCDC No....................**228-634**
FBI No........................ ▮▮▮▮▮▮
Birth Date..................
Race..............................**Black**
Date ............................**June 21, 2007**

## CHARGES:

**Charge No. 4 - Law Violation. Escape From an Institution.** On 2-25-05, the releasee absconded from the halfway house. The releasee was arrested by the Metropolitan Police Department for the above-cited offense on 3-5-05. This charge is based on the information contained in the PRISM report dated.
Status of Custody/Criminal Proceedings: The subject was convicted on 6-9-05 and was sentenced to 7 months.
**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 5 - Law Violation. Disorderly Conduct.** On 10-15-06, the releasee began to curse and scream at a Metropolitan Police Officer. The police gave the releasee several warnings to quite down and he failed to do so. The releasee was arrested by the Metropolitan Police Department for the above-cited offense on 10-15-06. This charge is based on the information contained in the violation report dated 10-16-06 from supervising officer Patrice Matthews and a police report dated 10-15-06. Status of Custody/Criminal Proceedings: He elected to forfeit and pay a fine for $35.00
**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 6 - Law Violation. Sexual Solicitation.** On 5-11-07, the releasee offered to have sexual intercourse with a Metropolitan Police Officer in exchange for $50.00. The releasee was arrested by the Metropolitan Police Department for the above-cited offense on 5-11-07. This charge is based on the information contained in the violation report dated 6-21-07 from supervising officer Patrice Matthews and a police report dated 5-11-07. Status of Custody/Criminal Proceedings: On 6-5-07, the subject was convicted and sentenced to 29 days.
**I ADMIT [   ] or DENY [   ] this charge.**

Warrant Issued ............**February 17, 2005**
District Sent To ...........General Supervision Unit VI-Team 1
**Warrant Recommended By:**

---

Wilson, Thomas
Reg. No. 11309-007    DCDC No. 228-634
Warrant Application Supplement
Page 1
Queued: 06-21-2007 16:38:16 USM-District of Columbia - District Court | USPO-General Supervision Unit
VI-Team 1, 1230 Taylor Street |

Exhibit _____12_____

*Rhonda A. Moore*

**Rhonda A. Moore, Case Analyst**
**U.S. Parole Commission**



Wilson, Thomas
Reg. No. 11309-007     DCDC No. 228-634
Warrant Application Supplement
Page 2
Queued: 06-21-2007 16:38:16 USM-District of Columbia - District Court | USPO-General Supervision Unit
VI-Team 1, 1230 Taylor Street |

# HEARING SUMMARY

**Name: Wilson, Thomas**                          **Reg No: 11309-007**

## Hearing Parameters

Hearing Format .............................: **In Person**

Hearing Type ...............................: **Revocation (Local)**

Hearing Date ...............................: June 28, 2007

Examiner......................................: Paul R. A. Howard

Institution ...................................: D.C. Correctional Treatment Facility

Second Designation ....................: Unknown

## Sentence Parameters

Sentence Type..............................: **DC Parole Eligible**

MR/Statutory Release Date..........: 7/16/2012

Full Term Date.............................: 5/21/2014

Months in Custody.......................: 1 as of 6/11/2007

Detainer.......................................: None

## Warrant Parameters

Supervision .................................: **Parole**

Revoking District & Office...........: CSOSA, Washington, DC

Warrant Execution Date...............: 5/14/2007

Probable Cause Date....................: 5/18/2007

**Additional text regarding the above parameters:** None

**Prior Action:** See Prehearing Assessment dated June 22, 2007.

**Counsel:** Shirliemarie McAroy-Gray, DC Public Defender Services

**Witnesses:** CSO Gloria Hendricks Johnson. Ms. Johnson did not respond to the Commission's subpoena and a good cause finding was not made for her non appearance. Counsel waived their rights to cross examine this witness.

MPD Officer Damon Smith. Mr. Smith did not respond to the Commission's subpoena and a good cause finding was not made for his non appearance. Counsel did not waive their rights to cross examine this witness.

Exhibit ___13___

Christina Parsons, Ms. Parsons did not respond to the Commission's subpoena and a good cause finding was not made for her non appearance. Counsel did not waive their rights to cross examine this witness.

**Procedural Considerations:** Counsel noted that she did not receive a copy of the supplemental warrant for Charges 4, 5, and 6. Despite the lack of prior notification, counsel agreed to proceed with the charges and acknowledged the Probable Cause Digest did reflect the charges although they were not addressed at the Probable Cause Hearing.

**Charges:**

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs.**
   **Evidence Presented:** The subject admitted the above charge and stated that he was sanctioned by placement in an Outpatient Treatment.
   **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
   **Basis:** Your admission and the documentary evidence.

**Charge No. 2 - Failure to Submit to Drug Testing.**
   **Evidence Presented:** The subject admitted the above charge. The subject stated that he was unable to report to the lab on time due to his work hours.
   **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
   **Basis:** Your admission and the documentary evidence.

**Charge No. 3 - Law Violation - Carrying a Pistol without a License, (B) Assault with a Deadly Weapon (Gun), (C) Felony in Possession of a Firearm.**
   **Evidence Presented:** The subject admitted the above charge. Counsel noted that a Grand Jury refused to Indict and the charge was dismissed on 6/9/2006. Counsel recommended that a no finding be made on the charge based on the Grand Jury's failure to Indict, the victim and the police officer dif not respond to the Commission's subpoena and they are not waiving their right to cross examine these witnesses.
   **Findings of Fact:** This examiner makes no finding concerning the above charge.
   **Basis:** There is insufficient evidence to make a finding.

**Charge No. 4 - Law Violation - Escape from an Institution.**
   **Evidence Presented:** The subject admitted the above charge. Counsel noted that the subject was convicted of this offense on 6/9/2005 and sentenced to 7 months confinement followed by 3 years of supervised release. The subject has already served this offense and should receive guideline credit.
   **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
   **Basis:** Your admission and conviction in the DC Superior Court.

**Charge No. 5 - Law Violation - Disorderly Conduct.**
   **Evidence Presented:** The subject admitted the above charge. The subject stated that he elected to forfeit and pay a fine of $35. He later filed a motion for a Rehearing to vacate the charge. The court granted his request and he was refunded $35. This occurred in 2006.

**Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
**Basis:** Your admission and documentary evidence.

**Charge No. 6 - Law Violation - Sexual Solicitation.**
    **Evidence Presented:** The subject admitted the above charge. He was convicted of this offense on 6/5/2007 and sentence to 29 days confinement.
    **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
    **Basis:** Your admission and conviction in the DC Superior Court.

**Discipline:** None.

**Release Plans:** The subject will reside with his girlfriend, Yarnell Price at 1701 Benning Road, NE, Apt. A-23, Washington, DC 20002, phone (202) 388-5230/

**Guideline Parameters**

**Severity Justification:**   Category Three because it involved Administrative Violations and Escape.
**Salient Factor Score:**   2

**Re-parole Guideline Range:**.............. 24-32

**Evaluation:** The subject has been in continuous custody since 5/11/2007 after he was arrested on Charge No. 6. Findings were made on the administrative infractions based on the subject's admission. A no finding was made on the more serious Charge (No. 3) based on the non appearance of the adverse witnesses. This matter was dismissed in DC Superior Court on 6/9/2005. Findings were made on the remaining criminal violations based on the subject's admission and convictions.

With guidelines of 24-32 months, a release after the service of 25 months is recommended. This examiner believes this is a sufficient penalty for the violation behaviors. Although the subject incurred three new criminal convictions, they were non violent offenses and he has already served 7 months towards the guidelines. The subject will also receive an additional 4 days of guidelines credit based on the findings in the Charges 5 and 6. A Drug/Alcohol Special Condition is also recommended.

**Recommendation:** Revoke parole. None of the time spent on parole shall be credited. Continue to a presumptive parole on 11/6/2008, after the service of 18 months.

**Conditions:** Drug/Alcohol Aftercare.

**Statutory Interim Hearing:** None.

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

**Additional Text:** None.

PRH/PAH
July 13, 2007

**Executive Reviewer's Comments:**



U.S. Department of Justice                              **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

| | |
|---|---|
| Name: WILSON, Thomas | Institution:   D.C. CTF |
| Register Number: 11309-007 | |
| DCDC No: 228-634 | Date:    July 30, 2007 |

---

As a result of the hearing conducted on June 28, 2007, the following action was ordered:

### DC Local Revocation

Revoke parole. None of the time spent on parole shall be credited. Continue to a presumptive re-parole November 6, 2008 after service of 25 months. This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled. In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date. If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration. If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached.

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

### FINDINGS OF FACT:

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

Charge No. 1 - Use of Dangerous and Habit Forming Drugs.

Basis: Your admission to the examiner.

Charge No. 2 - Failure to Submit to Drug Testing.

Basis: Your admission to the examiner.

Charge No. 4 - Law Violation: Escape from an Institution.

Basis: Your admission to the examiner and your conviction dated 06-09-2005.

Charge No. 5 - Law Violation: Disorderly Conduct.

Basis: Your admission to the examiner.

---

Queued: 07-30-2007 15:55:14 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |

Exhibit ___14___



Charge No. 6 - Law Violation:  Sexual Solicitation.

Basis:  Your admission to the examiner and your conviction dated 06-05-2007.


The Commission makes no findings concerning the following charges:

Charge No. 3 - Law Violations:  (a) Carrying a Pistol Without a License; (b) Assault With a Deadly Weapon (Gun); (c) Felony in Possession of a Firearm.

Basis:  Insufficient evidence.


**REASONS**:

Your parole violation behavior has been rated as criminal conduct of Category Three severity because it involved Escape and administrative violations. Your salient factor score is 2. See the attached sheet for an explanation of your individual Salient Factor Score items.  The table at the bottom presents the points for Salient Factor Score Item C.  As of 06-11-2007, you have been in confinement as a result of your violation behavior for a total of 8 month(s).  Guidelines established by the Commission indicate a customary range of 24-32 months to be served before release.  After review of all relevant factors and information, a departure from the guidelines at this consideration is not warranted.


THE ABOVE DECISION IS APPEALABLE

You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

cc:    D.C. Federal Billing Unit
       D.C. Department of Corrections
       Washington, D.C. 20003

       U.S. Marshals Service
       District of Columbia - District Court
       333 Constitution Ave, N.W., Room 1400
       Washington, D.C. 20001
       Warrants - Attn:  David Baldwin

       Shirliemarie McAroy-Gray
       Public Defender Service
       District of Columbia
       Special Proceedings Division
       633 Indiana Avenue, N.W.
       Washington, D.C. 20004



CSS Data Management Group
D.C. Court Services & Offender Supervision Agency
300 Indiana Avenue, N.W., Suite 2070
Washington, D.C. 20001

## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 2 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | D - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | E - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 0 | F - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | Salient Factor Score (SFS-98) (sum of points for A-F above) |

| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | | | |
|---|---|---|---|
| Name: Wilson, Thomas | | Institution: | Rivers CI |
| Register Number: 11309-007 | | | |
| DCDC No: 228-634 | | Date: | September 21, 2007 |

In the case of the above-named, the Commission has ordered the following:

Correct Warrant and Warrant Application dated 2-17-05. The days remaining on the warrant should be 2893. The following information should be on the warrant application, Sentence Length: 12 years, Original Offense: Unlawful Possession with Intent to Distribute Heroin, and Termination of Supervision 5-18-2010.

cc:     U.S. Probation Office
        General Supervision Unit VI-Team 1
        CSOSA
        1230 Taylor Street, N.W.
        Washington, D.C. 20011

        CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2070
        Washington, D.C. 20001

Exhibit ___15___

```
5H     PAR4I   540*23  *              SENTENCE MONITORING         *     09-25-2007
  PAGE 001          *              COMPUTATION DATA            *     10:04:19
                                   AS OF 09-25-2007


  REGNO..: 11309-007 NAME: WILSON, THOMAS


  FBI NO...........:  ████████          DATE OF BIRTH:  ████████
  ARS1.............: RIV/A-DES
  UNIT.............: C                  QUARTERS.....: C04-214U
  DETAINERS........: NO                 NOTIFICATIONS: NO

  PRE-RELEASE PREPARATION DATE: 09-14-2008

  THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
  THE INMATE IS PROJECTED FOR RELEASE:  11-06-2008 VIA PRESUM PAR

  --------------------CURRENT JUDGMENT/WARRANT NO: 040 ---------------------

  COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
  DOCKET NUMBER...................: F-2987-97B
  JUDGE...........................: DAVIS
  DATE SENTENCED/PROBATION IMPOSED: 07-13-1998
  DATE WARRANT ISSUED.............: 02-17-2005
  DATE WARRANT EXECUTED...........: 05-14-2007
  DATE COMMITTED..................: 05-14-2007
  HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
  PROBATION IMPOSED...............: NO
  SPECIAL PAROLE TERM.............:


  RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

  --------------------CURRENT OBLIGATION NO: 010 ---------------------------
  OFFENSE CODE....: 620
  OFF/CHG: 33-541 UNLAWFUL POSSESSION WITH INTENT TO DISTRIBUTE HEROIN.

  SENTENCE PROCEDURE..............: DC OMNIBUS ADULT SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:    12 YEARS
  NEW SENTENCE IMPOSED............: 2892 DAYS
  BASIS FOR CHANGE................: PAROLE VIOLATOR WARRANT EXEC
  DATE OF OFFENSE.................: 04-07-1997




  G0002      MORE PAGES TO FOLLOW . . .
```

Exhibit ___16___

```
5H    PAR4I  540*23 *           SENTENCE MONITORING          *      09-25-2007
PAGE 002        *              COMPUTATION DATA          *    10:04:19
                               AS OF 09-25-2007


REGNO..: 11309-007 NAME: WILSON, THOMAS


------------------------CURRENT COMPUTATION NO: 040 -------------------------

COMPUTATION 040 WAS LAST UPDATED ON 09-25-2007 AT DSC AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 040: 040 010

DATE COMPUTATION BEGAN..........: 05-14-2007
TOTAL TERM IN EFFECT............: 2892 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    7 YEARS     11 MONTHS
EARLIEST DATE OF OFFENSE........: 04-07-1997

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 04-13-2015
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 04-13-2015

PRESUMPTIVE PAROLE DATE.........: 11-06-2008
NEXT PAROLE HEARING DATE........: UNKNOWN
TYPE OF HEARING.................: UNKNOWN

PROJECTED SATISFACTION DATE.....: 11-06-2008
PROJECTED SATISFACTION METHOD...: PRESUM PAR




G0002      MORE PAGES TO FOLLOW . . .
```

```
5H    PAR4I  540*23 *            SENTENCE MONITORING        *   09-25-2007
PAGE 003          *            COMPUTATION DATA          *   10:04:19
                              AS OF 10-04-2005
```

REGNO..: 11309-007 NAME: WILSON, THOMAS

```
FBI NO..........:  ▓▓▓▓▓▓▓▓        DATE OF BIRTH:  ▓▓▓▓▓▓▓▓
ARS1............: RIV/A-DES
UNIT............: C                QUARTERS.....: C04-214U
DETAINERS.......: NO               NOTIFICATIONS: NO
```

PRE-RELEASE PREPARATION DATE: 09-14-2005

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE: 10-04-2005 VIA FT REL

----------------------PRIOR JUDGMENT/WARRANT NO: 030 ------------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F1286-05
JUDGE...........................: MOTLEY
DATE SENTENCED/PROBATION IMPOSED: 06-09-2005
DATE COMMITTED..................: 07-26-2005
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO

              FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $00.00        $00.00          $00.00      $100.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00
```

------------------------PRIOR OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:  612
OFF/CHG: 22-2601(B) ESCAPE

```
 SENTENCE PROCEDURE.............: DC SRAA ADULT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    7 MONTHS
 TERM OF SUPERVISION............:    3 YEARS
 DATE OF OFFENSE................: 02-25-2005
```

G0002      MORE PAGES TO FOLLOW . . .

```
5H     PAR4I  540*23 *          SENTENCE MONITORING         *    09-25-2007
PAGE 004          *           COMPUTATION DATA          *    10:04:19
                              AS OF 10-04-2005

REGNO..: 11309-007 NAME: WILSON, THOMAS


-------------------------PRIOR COMPUTATION NO: 030 -------------------------

COMPUTATION 030 WAS LAST UPDATED ON 07-26-2005 AT CRO AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 030:   030 010

DATE COMPUTATION BEGAN..........: 06-09-2005
TOTAL TERM IN EFFECT............:    7 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    7 MONTHS
EARLIEST DATE OF OFFENSE........: 02-25-2005

JAIL CREDIT.....................:  FROM DATE    THRU DATE
                                  03-05-2005   06-08-2005

TOTAL PRIOR CREDIT TIME.........: 96
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 10-04-2005
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 10-04-2005


ACTUAL SATISFACTION DATE........: 10-04-2005
ACTUAL SATISFACTION METHOD......: FT REL
ACTUAL SATISFACTION FACILITY....: RIV
ACTUAL SATISFACTION KEYED BY....: JWW

DAYS REMAINING..................: 0
FINAL PUBLIC LAW DAYS...........: 0

REMARKS.......: COMPUTATION CERTIFIED BY DCRC ON 08-08-05




G0002      MORE PAGES TO FOLLOW . . .
```

```
5H     PAR4I  540*23 *           SENTENCE MONITORING        *    09-25-2007
PAGE 005          *              COMPUTATION DATA          *    10:04:19
                                 AS OF 01-17-2003
```

REGNO..: 11309-007 NAME: WILSON, THOMAS

```
FBI NO...........:  ██████████        DATE OF BIRTH: ██████████
ARS1.............: RIV/A-DES
UNIT.............: C                   QUARTERS.....: C04-214U
DETAINERS........: YES                 NOTIFICATIONS: NO
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE: 01-17-2003 VIA PAROLE

------------------------PRIOR JUDGMENT/WARRANT NO: 020 ------------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F10345-90
JUDGE...........................: HURDLE
DATE SENTENCED/PROBATION IMPOSED: 06-12-1992
DATE WARRANT ISSUED.............: 05-20-1998
DATE WARRANT EXECUTED...........: 06-07-2002
DATE COMMITTED..................: 11-20-2002
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```

RESTITUTION...: PROPERTY: NO SERVICES: NO      AMOUNT: $00.00

------------------------PRIOR OBLIGATION NO: 010 ------------------------
OFFENSE CODE....: 620
OFF/CHG: 33-541(A)(1) POSSESSION WITH INTENT TO DISTRIBUTE COCAINE

```
SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:   12 YEARS
NEW SENTENCE IMPOSED...........: 2781 DAYS
BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
DATE OF OFFENSE................: 06-30-1987
```

G0002      MORE PAGES TO FOLLOW . . .

```
5H    PAR4I  540*23 *              SENTENCE MONITORING         *    09-25-2007
PAGE 006          *              COMPUTATION DATA          *    10:04:19
                                 AS OF 01-17-2003
```

REGNO..: 11309-007 NAME: WILSON, THOMAS


------------------------PRIOR COMPUTATION NO: 020 -------------------------

COMPUTATION 020 WAS LAST UPDATED ON 01-17-2003 AT EDG MANUALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 020:   020 010

```
DATE COMPUTATION BEGAN..........: 06-16-2002
TOTAL TERM IN EFFECT............: 2781 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    7 YEARS      7 MONTHS      10 DAYS
EARLIEST DATE OF OFFENSE........: 06-30-1987

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 8
TOTAL SGT POSSIBLE..............: 0
PAROLE ELIGIBILITY..............: 01-19-2003
STATUTORY RELEASE DATE..........: 01-26-2008
TWO THIRDS DATE.................: UNKNOWN
180 DAY DATE....................: UNKNOWN
EXPIRATION FULL TERM DATE.......: 01-25-2010

PAROLE EFFECTIVE................: 01-19-2003
PAROLE EFF VERIFICATION DATE....: 01-14-2003
NEXT PAROLE HEARING DATE........: UNKNOWN
TYPE OF HEARING.................: UNKNOWN

ACTUAL SATISFACTION DATE........: 01-17-2003
ACTUAL SATISFACTION METHOD......: PAROLE
ACTUAL SATISFACTION FACILITY....: EDG
ACTUAL SATISFACTION KEYED BY....: RLP

DAYS REMAINING..................: 2565
FINAL PUBLIC LAW DAYS...........: 2
```


G0002      MORE PAGES TO FOLLOW . . .

```
5H   PAR4I  540*23 *          SENTENCE MONITORING        *    09-25-2007
PAGE 007         *           COMPUTATION DATA        *    10:04:19
                             AS OF 01-17-2003

REGNO..: 11309-007 NAME: WILSON, THOMAS

- - - - - - - - - - - - - - - - - - - - - - - - - - PRIOR DETAINERS: - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

```
G0002      MORE PAGES TO FOLLOW . . .
```

```
5H      PAR4I  540*23 *           SENTENCE MONITORING          *      09-25-2007
PAGE 008          *              COMPUTATION DATA        *      10:04:19
                                  AS OF 06-16-2002

REGNO..: 11309-007 NAME: WILSON, THOMAS


FBI NO...........:  ███████        DATE OF BIRTH: ███████
ARS1.............: RIV/A-DES
UNIT.............: C               QUARTERS.....: C04-214U
DETAINERS........: YES             NOTIFICATIONS: NO

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  06-16-2002 VIA PAROLE

-------------------------PRIOR JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F-2987-97B
JUDGE...........................: DAVIS
DATE SENTENCED/PROBATION IMPOSED: 07-13-1998
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 06-03-2002
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:

                FELONY ASSESS  MISDMNR ASSESS  FINES       COSTS
NON-COMMITTED.: $00.00         $00.00          $00.00      $100.00

RESTITUTION...: PROPERTY: NO  SERVICES:  NO      AMOUNT:  $00.00

-------------------------PRIOR OBLIGATION NO: 010 ------------------------
OFFENSE CODE....:  620
OFF/CHG: DC CODE: 33-541 UNLAWFUL POSSESSION WITH INTENT TO
         DISTRIBUTE HEROIN

 SENTENCE PROCEDURE.............: DC OMNIBUS ADULT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    12 YEARS
 MINIMUM TERM...................:     4 YEARS
 DATE OF OFFENSE................: 04-07-1997




G0002     MORE PAGES TO FOLLOW . . .
```

```
5H    PAR4I 540*23 *           SENTENCE MONITORING        *    09-25-2007
PAGE 009 OF 009 *              COMPUTATION DATA        *    10:04:19
                              AS OF 06-16-2002
```

REGNO..: 11309-007 NAME: WILSON, THOMAS


`- - - - - - - - - - - - - - - - - - - - - - - - - PRIOR COMPUTATION NO: 010 - - - - - - - - - - - - - - - - - - - - - - - - - -`

COMPUTATION 010 WAS LAST UPDATED ON 10-14-2002 AT EDG AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:    010 010

```
DATE COMPUTATION BEGAN..........: 07-13-1998
TOTAL TERM IN EFFECT............:    12 YEARS
TOTAL TERM IN EFFECT CONVERTED..:    12 YEARS
EARLIEST DATE OF OFFENSE........: 04-07-1997

JAIL CREDIT.....................:    FROM DATE    THRU DATE
                                   05-19-1998  07-12-1998

TOTAL JAIL CREDIT TIME..........: 55
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
PAROLE ELIGIBILITY..............: 05-15-2002
STATUTORY RELEASE DATE..........: 05-18-2010
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 05-18-2010

PAROLE EFFECTIVE................: 06-16-2002
PAROLE EFF VERIFICATION DATE....: 06-15-2002
NEXT PAROLE HEARING DATE........: 05-00-2002
TYPE OF HEARING.................: INITIAL

ACTUAL SATISFACTION DATE........: 06-16-2002
ACTUAL SATISFACTION METHOD......: PAROLE
ACTUAL SATISFACTION FACILITY....: EDG
ACTUAL SATISFACTION KEYED BY....: RLP

DAYS REMAINING..................: 2893
FINAL PUBLIC LAW DAYS...........: 0
```

G0000     TRANSACTION SUCCESSFULLY COMPLETED

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **THOMAS WILSON,** | ) | |
|           **Petitioner,** | ) | **Civil No. 07-1522 (ESH)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **UNITED STATES** | ) | |
| **PAROLE COMMISSION, et. al.** | ) | |
|           **Respondents.** | ) | |

## ORDER

_____Upon consideration of the Petitioner's Petition for a Writ of Habeas Corpus, and the United States Parole Commission's Opposition to the Petitioner's Petition for a Writ of Habeas Corpus, and for the reasons stated in the United States' Opposition, it is hereby

**ORDERED** that the Petitioner's Petition for a Writ of Habeas Corpus is **Denied**.

**SO ORDERED**.

_____
ELLEN SEGAL HUVELLE
United States District Court Judge

Date:

Copies to:

Carolyn K. Kolben
Assistant United States Attorney
555 4th Street, N.W., Room 10-441
Special Proceedings Section
Washington, D.C.  20530

Thomas Wilson
Fed. Reg. No. 11309-007
CI- Rivers
P.O. Box 630
Winton, North Carolina 27986