UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS WILSON, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 07-1522 (ESH) |
| UNITED STATES PAROLE COMMISSION, *et al.*, | ) |
| Respondents. | ) |

**MEMORANDUM OPINION AND ORDER**

Petitioner Thomas Wilson seeks the issuance of a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. He claims that the United States Parole Commission has unlawfully extended his sentence beyond the expiration date. Upon consideration of the parties' pleadings and the entire record, the Court finds no grounds for issuing the writ and therefore will dismiss the petition.

**I. BACKGROUND**

On June 12, 1992, the Superior Court of the District of Columbia sentenced petitioner to a prison term of four to twelve years for possession with intent to distribute cocaine, with a four year mandatory minimum term. (Resp't Ex. 1.) Petitioner was released to parole on December 23, 1996. (Resp't Ex. 2.) On May 20, 1998, the former District of Columbia Board of Parole issued a violator warrant for petitioner. (Resp't Ex. 3.) On July 13, 1998, petitioner was sentenced to another four to twelve year term for the offense of possession with intent to distribute heroin. (Resp't Ex. 4.)

On June 16, 2002, petitioner was paroled by the United States Parole Commission on his 1998 sentence and taken into custody on the parole violator warrant issued in 1998. (Resp't Exs.

5, 6.)  A parole revocation hearing was held on October 23, 2002.  On November 5, 2002, the Commission revoked petitioner's parole.  Petitioner was not given credit for his time spent on parole. (Resp't Exs 7, 8.)

Petitioner was reparoled on January 17, 2003.  (Resp't Ex. 9.)  On February 17, 2005, the Parole Commission issued a violator warrant charging petitioner with: (1) use of opiates, marijuana, and cocaine; (2) failure to submit to drug testing; and (3) carrying a pistol without a license, assault with a deadly weapon, and felon in possession of a firearm.  (Resp't Exs. 10, 11.)  On June 9, 2005, petitioner was sentenced to incarceration for a term of seven months to be followed by three-years supervised release.  (Resp't Ex. 16.)

Petitioner was arrested on the 2005 violator warrant on May 14, 2007.  (Resp't Ex. 11.)  On June 21, 2007, the Commission added the violation offenses of escape, disorderly conduct, and sexual solicitation.  (Resp't Ex. 12.)  A revocation hearing was held on June 28 and on July 30, 2007, the Commission informed petitioner that his parole had been revoked; that none of his parole time would be credited towards his sentence; and that he would have a presumptive reparole date of November 6, 2008.  (Resp't Ex. 13, 14.)  Petitioner's present sentence expires on April 13, 2015.  (Resp't Ex. 16.)  Petitioner filed this action on August 27, 2007.

## II.  DISCUSSION

The extraordinary remedy of *habeas corpus* is available to District of Columbia prisoners if the prisoner shows that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Petitioner claims that the United States Parole Commission has enhanced his sentence by "taking out the time [he] spent on parole" in violation of the *ex post facto* and due process clauses of the Constitution.  (Pet. at 5, 6.)

Petitioner fails to acknowledge, however, that District of Columbia law mandates that upon the revocation of parole, "[t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." D.C. Code § 24-406(a) (formerly § 24-206). *See United States Parole Commission v. Noble*, 693 A.2d 1084, 1094-1104 (D.C. 1997), *reinstated* 711 A.2d 85 (D.C. 1998) (en banc) (interpreting D.C. Code § 24-206(a) as requiring upon parole revocation the forfeiture of street-time credit); *McKee v. U.S. Parole Com'n*, 214 Fed.Appx. 1, 2 (D.C. Cir. 2006) ("*Noble* provided an authoritative statement of the meaning of D.C. Code § 24-206(a) (1981) that was consistent with the statutory language."). Thus, upon each of petitioner's parole revocations, the number of days he spent on parole was properly rescinded and, thus, no longer counted towards the service of his prison term. Contrary to petitioner's contention, this "criminal sanction[] [did] not involve the increase of a final sentence," *DiFranceso*, 449 U.S. at 137, but rather simply returned him to the position he would have been but for his release to parole.

It is well established that District of Columbia prisoners do not have a constitutionally protected liberty interest in being released to parole and therefore have no protections under the due process clause with respect to parole determinations or procedures. *See Ellis v. District of Columbia*, 84 F.3d, 1414, 1415-20 (D.C. Cir. 1996) (neither the Constitution nor the District of Columbia regulations create a liberty interest in parole); *accord Blair-Bey v. Quick*, 151 F.3d 1036, 1047 (D.C. Cir. 1998); *Brandon v. D.C. Board of Parole*, 823 F.2d 644, 648 (D.C. Cir. 1987). Moreover, "there is no *ex post facto* violation when appellant's sentence was recalculated to exclude any credit previously given for street time." *Jones v. Bureau of Prisons*, 2002 WL 31189792, *1 (D.C. Cir., Oct. 2, 2002) (citing *Davis v. Moore*, 772 A.2d 204, 214-15 (D.C.2001)

(en banc)).

## CONCLUSION

For the foregoing reasons, the petition for a writ of *habeas corpus* is **DENIED**, and the above-captioned case is **DISMISSED** with prejudice.

**This is a final appealable order**.  *See* Fed. R. App. P. 4(a).

>                                 /s/
>     ELLEN SEGAL HUVELLE
>     United States District Judge

Date: November 26, 2007