IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
DEC - 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

THOMAS WILSON,             :

       Petitioner,   :

                         :

-vs-                        :   Civil Action No. 07-1522(ESH)

UNITED STATES PAROLE        :
COMMISSION, ET. AL.,
                         :

       Respondent.

**MOTION TO ALTER OR AMEND JUDGMENT
PURSUANT TO RULE 59(e) F.R.CIV.P.**

Comes Now, the Petitioner, moving pro se, and hereby respectfully request this Court to alter or amend its November 26, 2007 Order denying Petitioner's Writ of Habeas Corpus with prejudice. This motion is advanced to the Court in accordance with Fed.R.Civ.P. Rule 59(e). In support of this motion, Petitioner states as follows:

Petitioner raised an additional issue pertaining to Due Process in Petitioner's response to Respondent's opposition See, Page 6, of Petitioner's Motion for Summary Judgment, Petitioner states that the U.S. Parole Commission denied Petitioner's Due Process when it did not give Petitioneer a probable cause hearing on additional charges that the Commission knew about before May 18, 2007 which on that

a probably cause hearing was conducted on charges 1,2,3, see Petitioner's Attached Exhibit (1), pages 6,7, also on page 7, part IV, the Respondent acknowledges that charges 4,5, and 6 was a part of the records before the probable cause hearing was conducted which therefore the Respondent had ample time to issue a supplemental warrant to add charges 4,5,and 6. Respondent stated that on June 21, 2007, charges 4,5, and 6 were added and on June 28, 2007, a revocation hearing was conducted on charges 1,2, 3,4,5 and 6.

According to the U.S. Parole Commission Rules and Procedures dated August 15, 2003 §2.101 <u>Probable Cause Hearing and Determination.</u> §2.101(h) <u>Conviction as probable cause.</u> Conviction of any crime committed subsequent to release by a parolee shall constitute probable for the purpose of this section, and no probable cause hearing shall be conducted unless a hearing is needed to consider additional violation charges that may be determinative of the commission's decision whether to revoke parole.
(J) <u>Late received charages.</u> If the commission is notified of an additional charage after probable cause has been found to proceed with a revocation hearing, the commission may:
(1) Remand the case for a supplemental probable cause hearing if the new charge may be contested by the parolee and possibly result in the appearance of witnesse(s) at the revocation hearing!
(2) Notify the paroleee that the additional charge will be considered at the revocation hearing without conducting a supplemental probable cause hearing:

2

Nowhere does it state about charges that was known about before hand so the Petitioner would infer that to mean that charges that were known about before a probable cause hearing was conducted would also be a part of the proceedings or they will not be considered at the probable cause hearing.

At no time has Respondent given Petitioner notice of the additional charges or a probable cause hearing of finding on these additional charges which is a violation of Due Process. See, <u>Owens v. Gaines</u>, 219 F.Supp.2d 94(D.D.C. 2002).

So now comes the Petitioner asking the Courts to Alter or Amend its Judgment in this matter.

Respectfully submitted,

*Thomas Wilson* 11309-007
Thomas Wilson, Pro Se

## CERTIFICATE OF SERVICE

I, **Thomas Wilson**, certify that on December 4th, 2007, I served by first class mail, pre-paid postage one original copy of **Motion to Alter or Amend Judgment and attachments** upon the following:

Carolyn K. Kolben
U.S. Attorney's Office
Bar No. 391156
555 4th Street, N.W.
Washington, D.C. 20530
ATTN: Special Proceedings Division - Rm. 10-441

The envelope and its contents were given to prison officials for mailing.

/s/ *Thomas Wilson* 11309-007
Thomas Wilson, Pro Se

U.S. DEPARTMENT OF JUSTICE
United States Parole Commission
Chevy Chase, MD 20815

Case 1:07-cv-01522-ESH    Document 11-2    Filed 12/07/2007    Page 1 of 10

Probable Cause and Revocation
Hearing Form for D.C. Code Parolees or Releasees
Arrested in the District of Columbia

# PART ONE

*Instructions:* This part is to be completed at the initial visit of the hearing examiner following the arrest of an alleged parole, mandatory release, or supervised release violator within the District of Columbia on a warrant issued by the United States Parole Commission. The following explanation of the Commission's procedure and the alleged violator's legal rights must be read and acknowledged by the parolee or releasee, and a copy provided to him.

## Notice of Procedural Rights – Probable Cause Hearing

As an alleged parole, mandatory release, or supervised release violator who has not been convicted of a criminal offense committed while under supervision, you shall be given a probable cause hearing within five days of your arrest on a violator warrant. The purpose of the hearing is to determine whether probable cause exists for the charged violations. At this hearing, each charge on the warrant application will be read to you, and you will be apprised of the information supporting those charges. You will be asked to admit or deny each charge and you may explain or clarify your admission or denial to the hearing examiner.

You may be represented at your probable cause hearing by an attorney. If you cannot pay for the services of an attorney and desire legal assistance, you may request the D.C. Public Defender Service to assign an attorney to represent you at your probable cause hearing. The hearing examiner will furnish you with a request form, and will send it to the Public Defender Service. If you waive representation by an attorney at your probable cause hearing, you may, at the conclusion of the hearing or no later than 15 days prior to a revocation hearing, complete the form to request assignment of an attorney by the Public Defender Service.

You may present the testimony of voluntary witnesses and documentary evidence in defense of the charges against you. If you deny violating the conditions of release and have not been convicted of a crime while on release, you may request the presence of adverse witnesses, *i.e.*, those persons who have given evidence that you violated your conditions of release, and question those witnesses at the hearing, unless good cause is found to deny the appearance of such witnesses.

At the conclusion of the hearing, the examiner will determine whether probable cause exists for the charge(s). If no probable cause is found for all charges, the examiner will order your release from custody on the violator warrant. If probable cause is found for any charge, you will remain in custody and the examiner will set the date for a local revocation hearing if you qualify for such a hearing (as opposed to a revocation hearing at a federal institution). Notwithstanding a finding of probable cause, the hearing examiner may recommend your release pending a revocation hearing or recommend your release because revocation proceedings should be terminated. In such cases, a Parole Commissioner will make the decision on your continued incarceration.

*OPPORTUNITY TO REQUEST POSTPONEMENT OF PROBABLE CAUSE HEARING.* The probable cause hearing will be held at this time unless you request postponement of the hearing in order to request representation by an attorney and/or the appearance of a witness. If you desire the presence of a voluntary witness at the probable cause hearing (or a

Exhibit #1    (1)

subsequent revocation hearing) you are responsible for the attendance of the witnesses at the appropriate time and place. When a hearing is postponed to obtain witnesses, the Commission usually orders a combined probable cause and local revocation hearing.

> I have read (*or had read to me*) the above explanation of the Commission's probable cause procedure, and I fully understand my legal rights under that procedure. (*Initial one of the choices below:*)
>
> (A) ( ✓ ) I WISH TO PROCEED WITH MY PROBABLE CAUSE HEARING AT THIS TIME.
>
> (B) ( ) I REQUEST A POSTPONEMENT OF MY PROBABLE CAUSE HEARING IN ORDER TO OBTAIN AN ATTORNEY AND/OR WITNESS(ES).

_____          5-18-07
(Signature of Parolee or Releasee)          (Date)

## PART TWO

*Instructions:* This part is to be completed at the conclusion of the probable cause hearing. The explanation below must be read and acknowledged by the alleged violator, and a copy provided to him.

### Notice of Procedural Rights – Revocation Hearing

*OPPORTUNITY TO REQUEST A LOCAL OR INSTITUTIONAL REVOCATION HEARING.* The Commission will order an institutional revocation hearing unless you request, by completing this form, a local revocation hearing. An institutional revocation hearing may be held in the District of Columbia or in any federal prison to which you are transferred following the finding of probable cause. The Commission will grant a request for a local revocation hearing if both of the following conditions are met: (a) you were not convicted of an offense while under supervision, and (b) you deny all of the charges against you. In other cases, the Commission will only order a local revocation hearing if it finds good cause to do so.

In support of any request for a local revocation hearing, you should indicate any witnesses you plan to present at the revocation hearing and any adverse witnesses you wish to appear. Such adverse witnesses will be presented unless good cause is found to deny your request for their appearance. In addition, you may, prior to a local revocation hearing, request that the Commission require the attendance under subpoena of favorable witnesses who have refused to appear voluntarily. Such request will be granted provided you are able to show that the appearance of such favorable witnesses is necessary to the proper disposition of your case, and that their testimony cannot be obtained by other means. If the Commission orders an institutional revocation hearing, this will not alter your right to be represented by an attorney, or to present voluntary witnesses or documentary evidence. However, the Commission will not request the presence of adverse or other witnesses at an institutional revocation hearing.

(2)

If the Commission orders a local revocation hearing, such hearing will be held within sixty days of the probable cause finding. If the Commission orders an institutional revocation hearing, such hearing will be held within ninety days of the date you were retaken on the Commission's warrant. If you request postponements of revocation proceedings or take actions which delay such proceedings, these time limits may be extended.

*Initial one of the alternatives below:*

(     ) I REQUEST AN INSTITUTIONAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. I UNDERSTAND THAT I MAY BE TRANSFERRED TO A FEDERAL PRISON IF AN INSTITUTIONAL REVOCATION HEARING IS ORDERED.

( ✓ ) I REQUEST A LOCAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. MY REASONS FOR REQUESTING A LOCAL HEARING ARE AS FOLLOWS:


_____          _____
(Signature of Parolee or Releasee)          (Signature of Hearing Examiner)

5-18-07                                                      5/18/07
_____          _____
         (Date)                                                     (Date)

(3)

Before The
UNITED STATES PAROLE COMMISSION

Name: __Thomas Wilson__  Register No. __11309-00?__  DCDC No. _____

For Probable Cause Hearing                                    For Revocation Hearing
                          (Select all that apply)

---

## STATEMENT OF PAROLEE OR MANDATORY RELEASEE
## CONCERNING REQUEST FOR COUNSEL

I, __Thomas Wilson__, having been fully advised of the charges against me and of my rights as set forth in the copy of the (Warrant Application) (Summons to Appear), understand that I may request the D.C. Public Defender Service to assign counsel to assist or represent me in this matter before the United States Parole Commission, and that such representation by counsel may be furnished to me if the D.C. Public Defender Service determines that I am financially unable to obtain attorney representation, and that an attorney is available. After reviewing this notice concerning assignment of counsel,

_____ I do not wish to apply to the D.C. Public Defender Service for assignment of counsel.
(initials)

__TW__ I do hereby apply to the D.C. Public Defender Service for assignment of counsel (if available), and
(initials) in connection with this application, I state as follows concerning my true financial condition:

|  | employed | unemployed |
|---|---|---|
| I am |  |  |
| If employed, state weekly income |  | $ |
| If self-employed, state average weekly income | $ |  |
| Cash on hand and in bank |  | $ |
| Number of dependents |  |  |
| Property Owned |  |  |

I certify the above to be correct.

_____ 5-18-07
(Signature of Applicant and Date)

Witness: _____
(Signature, Title and Date) 5/18/07

A false or dishonest answer to a question in this application may be punishable by fine or imprisonment or both (18 U.S.C. 1).

---

Return From D.C. Public Defender Service

The above-named applicant will be represented by _Shilmarie McAroy-Grey_
                                                  (Name and Phone Number)
                                                  202/628-1200

Please fax this form to the U.S. Parole Commission, Attn: Case Services, (301) 492-5525.

(4)

# D.C. PROBABLE CAUSE HEARING DIGEST

Name...........................: Wilson, Thomas          Date Warrant Executed.: 5·14·07
Reg. No........................: 11309-007              Hearing Date.........: 5·18·07
Type of Release ............:Parole                     Examiner..............: BMB*en*
Full Term Date When Warrant Issued..: 1/25/2010         Supervision Officer: G. Hendricks-Johnson

**Attorney at Probable Cause Hearing:**

[✓] PDS     [ ] Other     [ ] None

Name  S. McCray-May
Address  633 Indiana Ave NW
         WDC
Phone  (202) 628-1200

**Attorney Representing Subject at Revocation Hearing:**

[✓] PDS     [ ] Other     [ ] Unknown

Name _____

Address _____

Phone _____

**I. Items Advised** *(Check that the subject has been advised of the following two rights):*

[✓] Advised of Right to a Probable Cause Hearing   [✓] Advised of Right to Attorney

**II. Reason For Not Conducting Probable Cause Hearing**
*{If Probable Cause Hearing not conducted, indicate the reason}:*

[ ] Postponed to Next Docket *{If so, provide reason for postponement and omit rest of form.}*

  [ ] At Request of Attorney/Prisoner     [ ] Prisoner Unavailable

  [ ] Other Reason:_____

[ ] Combined Probable Cause/Revocation Scheduled *{If so, skip to VI, Revocation Hearing.}*

---

Wilson, Thomas
Reg. No. 11309-007   DCDC No. 228-634   (5)

## III. Review of Charges:

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs**

[ ] ADMITS        [X] DENIES

The Subject's Response:

_____

_____

_____

_____

[X] **Probable Cause Found**. After considering the violation report dated 2/15/2005, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1. Additional reasons for probable cause finding:

_____

_____

_____

_____

[ ] **No Probable Cause Found**

_____

**Charge No. 2 -** ~~Use of Dangerous and Habit Forming Drugs~~ *Failure to Submit to Drug Testing*

[ ] ADMITS        [X] DENIES

The Subject's Response:

_____

_____

_____

_____

[X] **Probable Cause Found**. After considering the violation report dated 2/15/2005, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 2. Additional reasons for probable cause finding:

_____

Wilson, Thomas
Reg. No. 11309-007    DCDC No. 228-634    (6)

_____

[ ] **No Probable Cause Found**

---

**Charge No. 3 - Law Violation** – a) Carrying a Pistol Without a License; b) Assault with a Deadly Weapon (Gun); c) Felon in Possession of a Firearm.

[ ] **ADMITS**      [√] **DENIES**

The Subject's Response: all charges dismissed by Grand jury. Subject said he went to CCC in 2/05 awaiting weapon proceedings - Ex pled and received 7 mths. Released from Rivers 10/05

[X] **Probable Cause Found**. After considering the violation report dated 2/15/2005, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 3. Additional reasons for probable cause finding:

_____

[ ] **No Probable Cause Found**

---

**IV. Additional Charges:**
NCIC shows 3/5/05 - Escape w/ sent. on 6/22/06 of 7 yrs + 3 yrs SR. also shows sent. of 7 mths on 8/4/05. 5/16/07 arrest for prostitution (sexual solicitation)

_____

Wilson, Thomas
Reg. No. 11309-007   DCDC No. 228-634    (7)

## V. Outcome of Probable Cause Hearing:

[X] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

[ ] **No Probable Cause Found** for any charge. **Discharge from Custody** immediately and
  [ ] **Reinstate** to Supervision  or  [ ] **Close Case** *{If expiration date has passed}*

[ ] **Probable Cause Found** on one or more charges. Recommend **Reinstate to Supervision** and
  [ ] **Summon** to revocation hearing or  [ ] **Terminate** revocation proceedings

Reason for Release/Summons:_____

## VI. Principal Adverse Witnesses Identified by the Commission:

Note to Subject: This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form). Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer
Name: Gloria Hendricks-Johnson
Status: __X__ Approved       _____ Not Approved       _____ Pending Further Review

Name: David Smith; MPD; Badge #1651
Status: __X__ Approved       _____ Not Approved       _____ Pending Further Review

Name: Christina Parsons
Status: __X__ Approved       _____ Not Approved       _____ Pending Further Review

## VII. Adverse Witnesses Requested by Subject:

Name:_____
Address:_____
Phone No._____
Status: [ ] Denied at PC Hearing    [ ] Approved at PC Hearing    [ ] Pending Further Review
Reason for Denial:_____

## IX. Revocation Hearing:

[X] Local Revocation **or**     [ ] Combined Probable Cause/Local Revocation on:

Location: [X] CTF   [ ] DC Jail   Date: 6/28/07   Time: [X] am   [ ] pm

[ ] Other at _____

_____

[ ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note: A continuance must be requested in writing. You may submit your requests via e-mail. E-Mail Address: continue.hearing@usdoj.gov**

**May Qualify for an Expedited Offer:**   [X] No   [ ] Yes   (If yes, please have releasee sign below)

If the Commission approves a proposal of expedited revocation, I waive the 20-day waiting period for the submission of comments.   [ ] No   [ ] Yes

_____   5-18-07
Attorney/Prisoner                                                       Date

*Additional Text:*

_____   5/18/07
Examiner                                                                  Date

Disclosure Documents: Warrant dated 2/17/05, Warrant Application dated 2/17/05, Supplemental Warrant Application dated n/a (only if applicable), Violation Report dated 2/15/05 with attachments, Parole Certificate dated 1/14/03, Pre-Sentence Report

I acknowledge having received the above disclosure documents and a copy of this document.

_____   5-18-07
Attorney/Prisoner                                                       Date

Wilson, Thomas
Reg. No. 11309-007   DCDC No. 228-634   (9)

United States Parole Commission

## RELEASE PLAN FOR ALLEGED VIOLATOR OF PAROLE / SUPERVISED RELEASE

Name: Thomas Wilson    Register Number: 11309-007

I understand that the U.S. Parole Commission is currently considering whether my term of supervision should be revoked. The Commission may: (1) revoke my term of supervision and place me back on supervision after a period of confinement; (2) reinstate me to supervision without revocation; or (3) revoke my term of supervision and require me to serve the remainder of my term without further supervision. In the event the Commission orders a further term of supervision to follow my release from custody (Options 1 or 2 above), I provide the following release plan:

**Residence:** *(Include complete address and phone number, and the name of the contact person at the residence. Indicate if none currently available.)*

1701 Benning Rd NE #123
Yarnell Price
2/388 5209

**Employment:** *(Include name, address, phone number and the contact person at the place of employment. Indicate if none currently available.)*

None

I hereby affirm, under penalty of perjury, that the above information is truthful.

_____ Name     5-18-07 Date

Witnessed by:

_____ Name     5/18/07 Date

(10)